IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BRANDEN MCAFEE, | ) |
| | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23CV444 |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS., | ) J. HOPKINS |
| Defendants. | ) |
| | ) MJ. LITKOVITZ |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Branden Mcafee, an individual consumer, against Defendant, Experian Information Solutions ("Experian"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p), 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business here, and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Branden Mcafee, is a natural person residing in Cincinnati, Hamilton County, Ohio. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4. Experian is a California corporation duly authorized and qualified to do business in the State of Ohio.

5. Upon information and belief, Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

### IV. FACTS OF THE COMPLAINT

6. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the

purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C § 1681a(d)(1) of the FCRA.

7. On or about April 2023 Plaintiff sent a letter/dispute to Experian Information Solutions ("Experian") to dispute the completeness and accuracy of Fraudulent, False, Inaccurate and Misleading information contained within his consumer credit report pursuant to 15 U.S.C § 1681i.

*(1) Within this dispute was an attached Identity Theft Affidavit with report number 157721109.*

8. The specific Trade-lines and information in dispute was a Wells Fargo account # 577442 and a Chase Bank account # 426684.

9. The letter/Dispute was dated April 8th 2023 and was sent to Experian Via USPS Certified Mail.

10. Plaintiff was notified by USPS that Defendant Experian received the Letter/Dispute on April 14, 2023, at or around 2:06 pm.

11. On or around May 15, 2023 Plaintiff received reinvestigation results from Defendant Experian with report number ending in 9565-35 with results stating Wells Fargo account which is reporting as WF BANK NA Remains, and the Chase Bank account reporting as JPMCB CARD is verified and updated.

12. On or about June 14, 2023, Plaintiff sent another Letter/Dispute Via USPS Certified Mail to Defendant Experian disputing the completeness and accuracy of the Fraudulent, False, Inaccurate and Misleading information/data that Wells Fargo and Chase Bank is reporting to Experian pursuant to 15 U.S.C § 1681i.

*(2) Within this Letter/Dispute was around 33 documents attached and sent to Experian which was a direct dispute that Plaintiff sent to Wells Fargo and Chase bank the correspondence from Wells Fargo and Chase Bank the Identity Theft Affidavit report # 157221109 screenshots of the Fraudulent, False inaccurate, incomplete and misleading information being reported on my Experian consumer credit report and additional documents where attached as well.*

13. Plaintiff not only disputed the Trade-lines but also disputed the information that Experian was publishing that did not pertain to him pursuant to 15 U.S.C § 1681i which is (1) The JPMCB Card account and WF Bank NA (2) The Credit usage attached to the accounts (3) any history attached to the accounts (4) any balances attached to the accounts and all other information that they where reporting in regards to Wells Fargo and Chase Account.

14. Plaintiff received a notification from USPS that Defendant Experian received the Letter/Dispute dated June 14th 2023 on June 16, 2023, on or around 1:54 pm.

15. On or about July 14th Plaintiff logged into his Experian portal and noticed that the Wells Fargo and Chase bank account was not marked as disputed.

16. On or about July 14th 2023 Plaintiff called Experian and spoke to Laura in the Consumer Affairs Department to inquire about the dispute that was sent on June 14th 2023 and Delivered June 16th 2023.

17. On the July 14th call Laura confirmed that the Letter/Dispute dated July 14th 2023 was received.

18. Upon information and belief Experian failed to Block the information within 4 Business days pursuant to 15 U.S.C. § 1681c-2(a).

19. Plaintiff sent Experian (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

20. Upon information and belief Plaintiff believes that Defendant did not complete it's Reinvestigation obligation within the 30- Day time period allowed pursuant to the FCRA.

21. On or about July 17th 2023 Plaintiff applied for credit with American Express and was denied a line of credit based in whole or in part on False, Inaccurate, Incomplete and misleading information contained in the Experian report.

22. On or about July 17th 2023 Plaintiff went to pull his free annual credit report. The Wells Fargo WF BANK N.A account and Chase Bank JPMCB Card account remained Inaccurate, as Defendant Failed to correct the inaccuracy by not deleting and or blocking the disputed Trade-line and information.

*(3) The relevant portion of the July 17th 2023 credit report is available but is not attached because it has some personally identifying information on the report. Plaintiff will provide a copy upon request, and it will be introduced into evidence at the trial hereof.*

23. The accounts was inaccurately reported. As evidenced by the Identity Theft affidavit report # 157721109 and other documents that Plaintiff submitted to Experian informing Experian that Wells Fargo Bank Na and Jp Morgan Chase bank information is unreliable.

24. Therefore Plaintiff disputed the accuracy of the Trade-lines and the derogatory information reported by Wells Fargo and JP Morgan Chase Bank to Experian which is a consumer reporting agency via certified mail in accordance with 15 U.S.C § 1681i of the FCRA.

*(4) A copy of the letters/disputes, Audio Transcripts, and other correspondence mentioned above is not attached for the reason that it is available to Defendant ("Experian") and contains personally identifying information. Plaintiff will provide a copy upon request, and it will be introduced into evidence at the trial hereof.*

25. Upon information and belief, Experian failed to have a procedure in place to assure maximum possible accuracy, Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Wells Fargo and Chase trade lines.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of plaintiff herein.

28. As a result of the actions and inactions of Defendant, Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## V. FIRST CLAIM FOR RELIEF
### (Defendant Experian)
### 15 U.S.C. § 1681e(b)

29. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 28 above.

30. Defendant Experian has violated 15 U.S.C. §1681e(b) in that they failed to maintain a procedure designed to assure maximum possible accuracy.

31. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

32. Defendant Experian has done so either negligently or willfully.

33. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681(o).

34. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

### VI. SECOND CLAIM FOR RELIEF
### (Defendant Experian)
### 15 U.S.C. §1681i(a)(2)

35. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 34 above.

36. Defendant Experian has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

37. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

38. Defendant Experian has done so either negligently or willfully.

39. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

40. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VII. THIRD CLAIM FOR RELIEF
### (Defendant Experian)
### 15 U.S.C. §1681i(a)(4)

41. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 40 above.

42. Defendant Experian has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

43. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

44. Defendant Experian has done so either negligently or willfully.

45. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681o.

46. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VIII. FOURTH CLAIM FOR RELIEF
### (Defendant Experian)
### 15 U.S.C. §1681i(a)(5)

47. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 46 above.

48. Defendant Experian has violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

49. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

50. Defendant Experian has done so either negligently or willfully.

51. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

52. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## IX. FIFTH CLAIM FOR RELIEF
### (Defendant Experian)
### 15 U.S.C. §1681i(7)

53. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 52 above.

54. Defendant Experian has violated 15 U.S.C. § 1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

55. Defendant Experian has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

56. Defendant Experian has done so either negligently or willfully.

57. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

58. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff Branden Mcafee respectfully requests that judgment be entered in favor of Plaintiff and against Defendant Experian Information Solutions in an amount to be determined by the Jury.

**Respectfully Submitted,**

**Dated this 17 th day of July 2023**

**Branden Mcafee Pro Se**

**300 E Business Way Suite 200**

**Cincinnati, Ohio 45241**

**(513) 655-8966**

**Email: Pressuretv513@gmail.com**

**JURY TRIAL DEMANDED**