UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDEN MCAFEE,                          Case No. 1:23-cv-444
    Plaintiff,                                 Hopkins, J.
                                                 Litkovitz, M.J.
    vs.

EXPERIAN INFORMATION SOLUTIONS,
    Defendant.                               **ORDER**

      Plaintiff Branden McAfee brings this pro se action against defendant Experian Information Solutions ("Experian") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (Doc. 1). This matter is before the Court on Experian's motion for leave to file certain exhibits under seal in support of its motion for judgment on the pleadings. (Doc. 19).

**I. Standard of Review**

      Under Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1(a). A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy

burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

## II. Analysis

In the motion to seal, Experian requests to file certain exhibits under seal in support of its motion for judgment on the pleadings. (Doc. 19). Specifically, Experian seeks to file under seal

Exhibits A, B, and C to the Declaration of Teresa Iwanski and Exhibit B to the Declaration of Dustin M. Lorenzo. (*Id*. at PAGEID 144). Exhibit A to Ms. Iwanski's declaration is a copy of a Settlement Agreement and Release that "contains Plaintiff's entire credit file, which details every financial account on his credit report." (*Id*. at PAGEID 145). Exhibits B and C to Ms. Iwanski's declaration "are letters from Plaintiff disputing certain accounts on his credit report . . . [which] contain private financial account information for these accounts, in addition to Plaintiff's social security number and a scan of Plaintiff's driver's license." (*Id*.). Exhibit B to Mr. Lorenzo's declaration is "a letter from Experian to Plaintiff sent on April 29, 2022 . . . [that] contains a copy of a settlement check, along with a copy of the Settlement Agreement and Release also submitted as Exhibit A to the Iwanski Declaration." (*Id*. at PAGEID 146).

Experian argues these exhibits should be sealed "to protect Plaintiff's credit history and financial account information from public disclosure to maintain Plaintiff's privacy and guard against the threat of identi[t]y theft." (*Id*. at PAGEID 145). Experian contends there "is no public interest in accessing this sensitive, personal financial information and therefore the interest in sealing this information is at its apex." (*Id*.). Concerning Exhibit B to Mr. Lorenzo's declaration, Experian argues that sealing "of this document is also necessary to protect a copy of the check containing Experian's financial account information from public disclosure." (*Id*. at PAGEID 146).

The Court is persuaded that Exhibits A, B, and C to the Declaration of Ms. Iwanski and Exhibit B to the Declaration of Mr. Lorenzo, which contain plaintiff's credit history and the parties' private financial information, should be sealed. The Court agrees with Experian's contention that sealing of these documents is necessary to "protect Plaintiff's credit history and financial account information from public disclosure to maintain Plaintiff's privacy[,] guard

3

against the threat of identi[t]y theft[, and] protect a copy of the check containing Experian's financial account information from public disclosure." (*Id.*). Experian has proffered compelling reasons for sealing these exhibits and has shown why the interest in sealing these exhibits outweighs the public's right to obtain information in the Court's record. "The Sixth Circuit has recognized that sealing confidential financial records can constitute as a compelling interest when statutory and regulatory provisions clearly indicate Congress' intention that the [financial] records of individuals be kept in strict confidence." *Myers v. Am. Educ. Servs.*, No. 1:18-cv-144, 2020 WL 12688343, at *2 (S.D. Ohio Mar. 13, 2020) (citing *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir.)) (internal citations omitted). Moreover, "the FCRA has specific provisions that protect the dissemination of consumer credit reports to third parties without a permissible purpose. *See* 15 U.S.C. §§ 1681(a), 1681b(f), and 1681e(a). These provisions demonstrate Congress' clear intent to keep credit reports out of the public domain and in strict confidence." (*Id.*, citing cases). *See also Total Quality Logistics, LLC v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (sealing exhibits containing personal bank account information, customer names, financial information, and other confidential and proprietary information); *Exec. Jet Mgmt., Inc. v. Longbow Enters., LLC*, No. 1:21-cv-74, 2021 WL 4952705, at *1 (S.D. Ohio Apr. 1, 2021) (sealing exhibits because, among other reasons, the exhibits contained information relating to the parties' private bank account information).

Moreover, Experian's motion to seal is narrowly tailored because Experian does not seek to seal each and every exhibit in its motion for judgement on the pleadings. Instead, Experian seeks to seal only four exhibits that contain plaintiff's credit history and the parties' private financial information. Further, Experian will be required to file redacted versions of these exhibits on the Court's docket, which will be available to the public. Experian's proposal to seal

4

is "no broader than necessary to address the compelling reason for non-disclosure." *Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 1:20-cv-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021) (internal citations omitted). *See also Wiggins v. Bank of Am., N.A.*, No. 2:19-cv-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) (holding that the motion to seal was "narrowly tailored" because the party sought "not to seal these exhibits in their entirety, but rather, to file redacted versions on the public docket").

Accordingly, with the understanding that Experian will file redacted versions of Exhibits A, B, and C to the Declaration of Ms. Iwanski and Exhibit B to the Declaration of Mr. Lorenzo on the Court's docket, which will be available to the public, Experian's motion for leave to file under seal (Doc. 19) is **GRANTED**.

### IT IS THEREFORE ORDERED THAT:

1. Defendant shall file, under seal, Exhibits A, B, and C to the Declaration of Ms. Iwanski and Exhibit B to the Declaration of Mr. Lorenzo to its motion for judgment on the pleadings.

2. Defendant shall file the redacted versions of the stated exhibits on the docket of the Court.

Date: 11/27/2023

Karen L. Litkovitz
Chief United States Magistrate Judge