UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON MCAFEE,
    Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS,
    Defendant.

Case No. 1:23-cv-444
Hopkins, J.
Litkovitz, M.J.

ORDER AND REPORT
AND RECOMMENDATION

    Plaintiff Brandon McAfee brings this pro se action against defendant Experian Information Solutions (Experian), alleging causes of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Doc.1). This matter is before the Court on plaintiff's motion to strike affirmative defenses (Doc. 10); plaintiff's motion to strike affirmative defenses in amended answer (Doc. 12); Experian's response thereto (Doc. 15); Experian's motion for judgment on the pleadings (Doc. 18); plaintiff's response which incorporates a request for stay of ruling and request for discovery (Doc. 24); defendant's reply (Doc. 25); and plaintiff's supplemental memorandum (Doc. 26).

    **I. Analysis on plaintiff's motion to strike.**

    Experian is a consumer reporting agency that furnishes consumer reports to third parties regarding consumers' creditworthiness, credit standing or credit capacity. As such, it is governed by the FCRA, 15 U.S.C. § 1681 *et seq*. Plaintiff filed this action on July 17, 2023, against Experian asserting violations of the FCRA. He claims that there are two inaccurate entries in his credit file that are the result of identity theft. He references these as Wells Fargo account #5774 and Chase Bank account #4266.[1] (Doc. 1 at PAGEID 3). Plaintiff sent letters to

---

[1] The parties have redacted the full account numbers; the Court will do likewise.

Experian disputing the alleged inaccurate information, but the alleged disputed information was not removed. He claims that as a result of Experian's actions he suffered injuries including "mental and emotional distress," "damage to [his] credit reputation," and "credit damages." (Doc. 1 at PAGEID 8). He seeks actual and punitive damages and costs against Experian.

Experian filed its answer, asserting nine affirmative defenses against plaintiff's claims. (Doc. 8). Of primary relevancy to the matter before the Court, Experian asserts that the parties entered into a settlement agreement and release in a prior lawsuit. *See McAffee v. Experian Information Solutions*, No. 1:22-cv-110 (S.D. Ohio) (involving alleged inaccuracies in the same credit file). A review of that case shows that it was indeed dismissed on May 3, 2023, based on the parties' joint stipulation of dismissal with prejudice. (*See* Case No. 1:22-cv-110, Stipulation of Dismissal Doc. 11). Experian avers that the settlement and release acts as a bar to the present action because plaintiff released it from all claims involving the credit file at issue.

After Experian answered, plaintiff filed a motion strike its affirmative defenses. (Doc. 10). Experian thereafter filed an amended answer adding more detailed factual allegations to its affirmative defenses. (Doc. 11). Plaintiff filed a motion to strike Experian's affirmative defenses in its amended answer. (Doc. 12). Plaintiff did not address the more detailed factual allegations in the amended answer. Rather, the only edit plaintiff made was to list the affirmative defenses in Experian's amended answer.

Rule 12(f) provides that on motion made by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). Striking a pleading is a drastic remedy, and "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Mapp v.*

2

*Bd. of Ed. of the City of Chattanooga, Tenn.*, 319 F.2d 571, 576 (6th Cir. 1963) (recognizing strike orders as a relatively "drastic remedy to be resorted to only when required for the purposes of justice" or "when the pleading to be stricken has no possible relation to the controversy"). A court should strike only defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them." *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (citations omitted).

Turning to the arguments in plaintiff's motion to strike the amended answer, plaintiff does not make specific arguments addressing each of Experian's nine asserted affirmative defenses.[2] Rather, plaintiff moves the Court to grant his motion in broad terms pursuant to the heightened pleading standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). He argues that the *Twombly-Iqbal* standards applies to affirmative defenses. To support his arguments, plaintiff relies on only one case within the Sixth Circuit, *United States v. Quadrini*, No. 2:07-cv-13277, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007); the remainder of his supporting cases are from outside this circuit.[3]

Plaintiff argues that under *Twombly* and *Iqbal*, Experian's affirmative defenses are "insufficient, frivolous, vague, conclusory, and without factual bases under Rule 12(f) of the Federal Rules of Civil Procedure." (Doc. 12 at PAGEID 80). He also argues that Experian's

---

[2] Given's plaintiff's motion to strike the affirmative defenses in Experian's amended answers (Doc. 12), his prior motion to strike (Doc. 10) is denied as moot.

[3] *See Pugh v. City of Okla. City*, No. CIV-15-1070-D, 2015 U.S. Dist. LEXIS 166138, at *3 (W.D. Okla. Dec. 11, 2015) (quoting *Sidney-Vinstein v. AJi. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045,1057-61 (5th Cir. 1982); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Rodriguez v. Physician Lab. Servs., LLC*, No. 7:13-cv-622, 2014 WL 847126, at *2-3 (S.D. Tex. Mar. 4, 2014); *Rice v. Reliastar Life Ins. Co.*, No. 11-cv- 44-BAJ-M2, 2011 WL 1168520, at *2-4 (M.D. La. Mar. 29, 2011); *Kleppinger v. Texas DOT*, 2012 U.S. Dist. LEXIS 198322 (S.D. Tex. August 10, 2012); *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696,2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J.) (quotations omitted) (citing *Rogers v. McDorman*, 521 F.3d 381,385 (5th Cir. 2008)); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651 (D. Kan. Dec. 22, 2009); *Aguilar v. City Lights of China Restaurant*, 2011 WL 5118325, *3 (D. Md. Oct. 24, 2011); *Burget v. Capital West Securities, Inc.*, No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009).

"affirmative defenses are merely boilerplate recitations that are so vague that they do not provide fair notice and significantly hinder Plaintiff's ability to narrowly tailor discovery or adequately prepare for trial." (*Id*.) As such, rather than addressing any alleged specific flaws in each of Experian's nine affirmative defenses, the bulk of plaintiff's motion to strike is a recitation of the caselaw outside this district applying *Twombly* and *Iqbal* to affirmative defenses.

In its response, Experian contends that the *Twombly- Iqbal* pleading standards only apply to complaints and that its affirmative defenses provide fair notice to plaintiff of the nature of its defenses. (Doc. 15 at PAGEID 100). Experian correctly notes that there is conflicting authority within the district courts in the Sixth Circuit regarding whether *Twombly* and *Iqbal's* heightened pleading standards apply to affirmative defenses. Experian also claims that even if the heightened standards apply to its affirmative defenses, it has provided detailed factual allegations supporting its affirmative defenses sufficient to satisfy *Twombly* and *Iqbal's* requirements.

Pursuant to *Twombly* "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level," and they must "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570. *Iqbal* holds that a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Under these pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *CCS Constr. Co., LLC v. Lotus Pad Liberty Ctr., LLC*, No. 1:20-cv-526, 2020 WL 6707300, at *2 (S.D. Ohio Nov. 16, 2020) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (in turn quoting Fed. R. Civ. P. 8(a)(2))), *report and recommendation adopted*, 2021 WL 39638 (S.D. Ohio Jan. 5, 2021).

The Sixth Circuit Court of Appeals has not yet addressed whether *Twombly* and *Iqbal* apply to affirmative defenses. *Kirkbride v. Kroger Co.*, No. 2:21-cv-00022, 2023 WL 5723276, at *3 (S.D. Ohio Sept. 5, 2023) (citing *Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016)). District courts in this circuit and, more narrowly, within the Southern District of Ohio are split on this issue. Recently in *GS Holistic, LLC v. Lebanon Smokes & Things, Inc.*, No. 1:23-cv-638, 2024 WL 278173, at *1 (S.D. Ohio Jan. 25, 2024), the Court held that the heightened pleading standards of *Twombly*-*Iqbal* do not apply to affirmative defenses. "Instead, '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Id.* (quoting *Pough v. Dewine,* 2022 WL 2437140, at*1 (S.D. Ohio Jul. 5, 2022) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (in turn quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274))). Many judges within the Southern District of Ohio have held in accord that *Twombly* and *Iqbal* do not apply to affirmative defenses. *See Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-cv-566, 2022 WL 2915586, at *6 (S.D. Ohio July 25, 2022); *CCS Constr. Co., LLC,* 2020 WL 6707300, at *2; *Ohio ex re. Dewine v. Globe Motors, Inc.*, No. 3:18-cv-142, 2019 WL 3318354, at *2-3 (S.D. Ohio July 23, 2019); *Ruff v. Credit Adjustment, Inc.*, No. 2:18-cv-351, 2019 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018); *Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-93, 2013 WL 3876176, at *2 (S.D. Ohio Jul. 26, 2013).

In contrast, other judges within this district have held that that affirmative defenses must comport with the *Twombly*-*Iqbal* pleading standards to survive dismissal. *See Kirkbride v. Kroger Co.*, No. 2:21-cv-22, 2023 WL 5723276, at *3 (S.D. Ohio Sept. 5, 2023); *Lucid Health,*

*Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-cv-1055, 2020 WL 4933919, at *4 (S.D. Ohio Aug. 24, 2020) (citing *Doe v. Bd. of Educ. of Highland Local Sch. Dist.*, 2:16-cv-524, 2017 WL 3588727, at *2 (S.D. Ohio Aug. 21, 2017)).

The undersigned has previously declined to apply the *Twombly-Iqbal* pleading standards to affirmative defenses and continues to be persuaded that this interpretation is consistent with Rule 8(a)(2).[4] *See CCS Constr. Co.*, 2020 WL 6707300, at *3. A party wishing to assert an affirmative defense in response to a pleading need only "affirmatively state any avoidance or affirmative defense. . . ." *Id.* (quoting Fed. R. Civ. P. 8(c)(1)). Pleading an affirmative defense in general terms is sufficient "as long as it gives plaintiff fair notice of the nature of the defense" and satisfies both the law and the spirit of Rule 8. *Id.* (quoting *Lawrence v. Chabot,* 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274)). Therefore, as long as each of Experian's affirmative defenses give fair notice to plaintiff of the nature of the defenses, the Court will not strike them.

Other than his in-depth arguments that the *Twombly-Iqbal* pleading standards should be applied in this case, plaintiff makes only sweeping claims in his motion to strike rather than addressing each of Experian's affirmative defenses. He broadly states that "all or nearly all of Defendant's asserted affirmative defenses are, either, insufficiently pled or simply not affirmative defenses. Such conclusory, shotgun assertions, absent factual support and addressing the Plaintiff's complaint as a whole, as if each count was like every other count, was insufficient as a matter of law." (Doc. 12 at PAGEID 85).

---

[4] Because there is no such thing as "the law of the district," the undersigned is not bound to follow caselaw to the contrary. *GS Holistic,* 2024 WL 278173, at *1, n.1 (citing *Threadgill v. Armstrong World Industries, Inc.,* 928 F.2d 1366, 1371 (3rd Cir. 1991)).

Plaintiff has also not addressed the factual allegations Experian has added in its amended answer to buttress many of its affirmative defenses. It is not the Court's duty to "conjure allegations on a litigant's behalf." *Baldwin v. Hutson*, No. 6:19-cv-151, 2020 WL 3530563, at *1 (E.D. Ky. June 30, 2020) (quoting *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)); *see also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Issues that are presented "in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) (citations omitted). Given that the Court disagrees with plaintiff's arguments regarding the application of *Twombly-Iqbal*, the Court would be well within its authority to decline any further review of Experian's nine affirmative defenses as plaintiff has not presented developed arguments why each of them should be stricken. Nonetheless, the Court will undertake a review to ensure that Rule 8 has been patently satisfied.

In its first and second affirmative defenses, Experian avers that plaintiff's claims are barred and/or waived under the settlement agreement and release between the parties dated April 12, 2022 and signed on April 15, 2022. (Doc. 11 at PAGEID 62-64). Experian's amended answer sets out in detail its assertations of the facts surrounding the settlement agreement and release supporting these defenses. Plaintiff has fair notice of these defenses, and the Court will not strike them.

In its third affirmative defense, Experian avers that plaintiff's claims are barred because all information Experian communicated to third parties was true and that it accurately reported the data of the two entries which plaintiff claims are inaccurate in his credit file. (*Id*. at PAGEID

7

64). Experian's assertions clearly set out the bases for this affirmative defense, which serves to give plaintiff fair notice of this defense. The Court will not strike it.

In its fourth defense, Experian alleges that plaintiff has failed to take reasonable steps to mitigate any damages. (*Id.* at PAGEID 65). Experian asserts that plaintiff had knowledge of the alleged inaccurate entries in his credit file since at least April 15, 2022, when plaintiff signed the purported settlement agreement and release, which incorporated his credit file at the time. The two entries of which plaintiff complains were included in his credit file. Despite this, plaintiff did not dispute these entries until April 8, 2023, when he sent a letter to Experian regarding them. If there is a more detailed factual bases for this affirmative defense, it can be addressed during the discovery process. At this juncture, however, plaintiff has fair notice that Experian claims he has failed to mitigate his damages. Therefore, the Court will not strike it.

In its fifth defense, Experian avers that plaintiff's claims are barred under the unclean hands doctrine. (*Id.*). To support this defense, Experian sets forth detailed allegations that plaintiff is the owner and operator of a business called Credit Handler, LLC. As owner of this business, plaintiff posts videos and messages on various social media accounts. Experian alleges that plaintiff surreptitiously recorded a telephone conversation he had with an attorney representing Experian while they were discussing the settlement agreement at issue and that plaintiff posted this conversation to his public Instagram account. Experian also states that plaintiff posted a video on his TikTok account of a screenshot regarding his settlement check. Experian argues, *inter alia*, in its defense that plaintiff is knowingly violating the terms of the settlement agreement; that plaintiff has knowledge that his credit report is accurate; and that plaintiff is using this litigation as leverage against Experian in hopes that it will delete

8

unfavorable entries from plaintiff's credit files to increase his credit score. Based on Experian's averments, plaintiff has fair notice of this defense. The Court will not strike it.

In its sixth affirmative defense, Experian avers that plaintiff's claims are barred, in whole or part, by the applicable two-year statute of limitations pursuant to 15 U.S.C. § 1681p. (Doc. 11 at PAGEID at 69). To support this, Experian asserts that the Chase Bank account at issue was reported in his credit filed since at least December 2019, and that the Wells Fargo Bank account at issue was reported in plaintiff's credit file since at least October 2020.[5] Plaintiff did not file this action until July 17, 2023. These allegations give plaintiff fair notice of this defense, and the Court will not strike it.

In its seventh and eighth defenses, Experian claims that any alleged damages sustained by plaintiff are a result of plaintiff's conduct; his negligence; and/or third parties' negligence. (*Id.* at 70). Experian incorporates the paragraphs in its prior defenses as support thereof. Given the detailed factual allegations stated in the prior affirmative defenses regarding plaintiff's actions, the incorporated allegations are sufficient to give plaintiff fair notice of these defenses. The Court will not strike them.

In its ninth defense, Experian asserts that plaintiff's claims do not rise to the level to warrant punitive damages. (*Id.*). Experian claims that it has reasonable policies and procedures in place to ensure accuracy of its data, including reinvestigations of consumer disputes. It asserts that none of its alleged conduct gives rise to actual malice or a reckless disregard for the

---

[5] The Court notes that Experian's fourth affirmative defense asserts plaintiff has known about the alleged disputed accounts reported in his file since at least April 15, *2022* (Doc. 11 at PAGEID 65), while in its sixth affirmative defense it asserts that plaintiff has known of the Chase Bank account since at least December *2019* and of the Wells Fargo Bank account since at least October *2020*. (*Id.* at PAGEID at 69). Further, in an Identity Theft Report that plaintiff attached to his April 8, 2023 letter to Experian disputing the accuracy of his report (Iwanski Dec., Doc. 30-4 at PAGEID 426-427), plaintiff listed "1/2020" as the date he discovered the alleged "Credit Cards Opened by the Thief" in reference to a Chase card with an account number of 4266 and a Wells Fargo Bank card with an account number of 5774. (*Id.* at PAGEID 428). These are matters that can be fleshed through the discovery process at a later time if necessary.

accuracy of plaintiff's credit file or its reinvestigation of the claims that plaintiff has disputed. These averments are sufficient to put plaintiff on notice of this defense, and the Court will not strike it.

In conclusion, plaintiff's motion to strike under Rule 12(f) is denied.

**II.     Analysis of Experian's motion for judgment on the pleadings.**

Experian has filed a motion for judgment on the pleadings pursuant to Rule 12(c). (Doc. 18). The crux of Experian's motion is its assertion that the parties entered in a prior settlement agreement and release in Case No. 1:22-cv-110, as alleged in its affirmative defenses. In the prior case, plaintiff claimed that Experian violated the FCRA arising out of two Navy Federal Credit Union accounts in his credit file that he claimed were inaccurate. Experian accurately points out that case was dismissed with prejudice on joint stipulation that the matter was settled. (*See* Case No. 1:22-cv-110, Doc. 11). Experian argues that the settlement agreement's terms act as a bar to the present case.

Experian has filed a copy of this agreement under seal and with redactions (Doc. 30-2 at PAGEID 356-361), along with the declarations of Teresa Iwanski, a senior litigation analyst for Experian (Doc. 30-1) and Dustin M. Lorenzo, counsel for Experian (Doc. 30-5). [6] Ms. Iwanski declares that the parties entered into a settlement agreement and release on April 12, 2022. (Doc. 30-1 at PAGEID 353). The agreement is signed by "Branden Lamer McAfee" on April 15, 2002, and notarized by Stephanie Jasmine McAfee (Doc. 30-2 at PAGEID 361), who Experian avers is plaintiff's wife. (Doc. 18 at PAGEID 108; Doc. 30-5 at PAGEID 452). Experian argues, and as its supporting exhibits bear out, plaintiff agreed to file a stipulation of dismissal

---

[6] Experian moved the Court to file these attachments and exhibits under seal (Doc. 19); this motion was granted. (Doc. 28).

with prejudice in Case No. 22-cv-110 in exchange for monetary consideration. The settlement agreement also purported to release Experian from other claims:

> Attached hereto as Exhibit A is a current copy of Plaintiff's Experian credit file dated April 12, 2022. Without acknowledging that the information contained in the credit file is or is not accurate, Plaintiff agrees to release and hold harmless Experian from any claims, demands or damages related to the appearance of the items and information contained in the credit file attached hereto as Exhibit A and/or the publication of any future credit reports containing these items.

(Doc. 30-2 at PAGEID 358).

Notwithstanding the terms of the settlement agreement and release, plaintiff filed the present action against Experian on July 17, 2023. Experian claims that the two accounts on which plaintiff relies for his present action were included in his credit file attached to the April 12, 2022 settlement agreement.

Plaintiff's response does not include any substantive arguments addressing Experian's motion.[7] (Doc. 24). Instead, plaintiff construes Experian's motion as a motion for summary judgment under Rule 56. As such, he requests that the Court stay the ruling on Experian's motion until he has the opportunity to conduct meaningful discovery pursuant to Rule 56 (d) "to show amongst other things that there is a violation of the Fair Credit Reporting Act. . . ." (Doc. 34 at PAGEID 180).

In its reply, Experian argues correctly that plaintiff offered no substantive response to Experian's motion. (Doc. 25) In addressing plaintiff's request to stay the ruling and for discovery, Experian asserts that the only issue before the Court is the legal question of whether

---

[7] For the sake of clarity, the Court notes that plaintiff styled his response as a "reply." (Doc. 24).

the parties' prior settlement agreement acts as a bar to the present case. Consequently, Experian claims that discovery is not necessary and that its motion is ripe for review on the merits.

Plaintiff filed a supplemental memorandum opposing Experian's motion. (Doc. 26).[8] While plaintiff included legal arguments and caselaw regarding contract formation and alleged that the basic elements thereof were not met, his primary argument is that he did not enter into a settlement agreement and release with Experian. Plaintiff argues that Experian's motion "is premature [d]ue to the fact no meaningful discovery has been conducted and the fact Plaintiff never executed a settlement agreement with Defendant on April 15, 2022, as Defendant alleged in its (ECF No. 18) Filing." (Doc. 26 at PAGEID at 189). In support of his allegations, plaintiff filed his declaration "under the Penalty of Perjury"[9] stating in relevant part:

> 3. Defendant Experian alleged that Plaintiff signed a settlement agreement and release that was dated April 12th, 2022 on April 15, 2022.
>
> 4. I did not Execute and or sign any settlement or release dated April 12th, 2022 with Experian or Defendant on April 15th, 2022.

(Doc. 27 at PAGEID 194). Plaintiff argues that Experian's motion cannot be granted because he denied signing or executing the settlement agreement, and discovery is necessary on this issue.[10]

---

[8] The Court notes that plaintiff's supplemental memorandum was filed in violation of S.D. Ohio Civ. R. 7.2(a)(2) because plaintiff neither sought leave of court nor showed good cause for the filing of his supplemental memorandum in response to defendant's reply. However, given plaintiff's pro se status and his declaration attached thereto that he did not sign or execute the settlement agreement and release that forms the bases of Experian's motion for judgment on the pleadings, the Court will consider plaintiff's supplemental memorandum.

[9] Plaintiff's declaration is verified under penalty of perjury and satisfies his burden to respond to defendant's motion. *See Hargrove v. Holley*, No. 1:17-cv-560, 2020 WL 1042620, at *1 (S.D. Ohio Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 5651476 (S.D. Ohio Sept. 22, 2020).

[10] Notwithstanding plaintiff's discovery request, the parties thereafter filed a joint motion to stay discovery until the Court rules on Experian's pending motion for judgment on the pleadings. (Doc. 31). The Court granted this joint motion. (Doc. 32). Although the Court held a status conference with the parties after granting the joint motion, plaintiff did not bring to the Court's attention his allegations that he had not entered into the settlement agreement which forms the bases of Experian's motion or the resultant need for discovery on the issue.

Prior to addressing the substance of Experian's motion for judgment on the pleadings, the Court must first determine whether Experian's motion should be converted into one for summary judgment. Rule 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Sixth Circuit has clarified that under Rule 12(d), if matters outside the complaint are presented with a motion to dismiss, or in this matter, a motion for judgment on the pleadings, courts "must expressly exclude outside-the-complaint materials or convert the motion to one for summary judgment." *Cotterman v. City of Cincinnati, Ohio*, No. 21-cv-3659, 2023 WL 7132017 at *4 (6th Cir. Oct. 30, 2023) (citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006)). Thus, a district court has "discretion either to exclude this outside information (and treat the motion as a motion to dismiss subject to Rule 12's standards) or to consider the information (and treat the motion as a summary-judgment motion subject to Rule 56's standards)." *Id.* (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)).

Under Rule 12(d), if matters outside the pleadings are presented to and not excluded by the Court, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In this case, both parties rely on matters outside the pleadings; accordingly, "neither party will be surprised or prejudiced by the conversion to a Rule 56 motion." *Stringer v. Nat'l Football League*, 474 F. Supp. 2d 894, 914 (S.D. Ohio 2007) (citations omitted). Given that the issue before the Court is centered on the validity of the settlement agreement which is included in the record, the declarations attached to Experian's motion, and plaintiff's declaration stating he did not sign the settlement agreement, the Court

13

will consider these materials in reviewing this matter and will therefore treat Experian's motion as one for summary judgment pursuant to Rule 56.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed material facts by 'citing to particular parts of materials in the record ... or ... showing that the materials cited do not establish the absence ... of a genuine dispute.'" *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *See e.g., Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002).

The Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue. *Anderson*, 477 U.S. at 249. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is "material" if its resolution will affect the outcome of the lawsuit. *Anderson*, 477 U.S. at 248.

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). That said, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846,

851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).

The Court is faced herein with a classic genuine issue of material fact. Experian claims that a settlement agreement and release exists between the parties, which is dispositive of this case. Plaintiff's prior case against Experian was dismissed with prejudice on the stipulation that the matter was settled, and this dismissal is a matter of which the Court can take judicial notice. Plaintiff, however, has filed his declaration under the penalty of perjury that he did not "[e]xecute and or sign any settlement or release dated April 12th, 2022 with Experian or Defendant on April 15th, 2022." (Doc. 27 at PAGEID 194). Because the Court's role is not to weigh the evidence and determine which party's facts are true on the face of the record before it, Experian's motion must be denied.

The Court will therefore lift the stay on discovery and grant plaintiff's request for discovery, but only on the limited issue of whether plaintiff and Experian entered into a valid settlement agreement and release in Case No. 1:22-cv-110, including whether plaintiff signed and executed the settlement agreement and release that is central to this matter. All other discovery will remain stayed until a later time.

### IT IS THEREFORE RECOMMENDED THAT:

1. Experian's Rule 12(c) motion to for judgment on the pleadings (Doc. 18) be converted to a Rule 56 motion for summary judgment.

2. Experian's motion for summary judgment be **DENIED**.

### IT IS THEREFORE ORDERED:

1. Plaintiff's motion to strike affirmative defenses (Doc. 10) is **DENIED AS MOOT.**

2. Plaintiff's motion to strike affirmative defenses in amended answer (Doc. 12) is **DENIED.**

3. Plaintiff's request for stay of ruling on Experian's motion for judgment on the pleadings incorporated into plaintiff's response thereto (Doc. 24) is **DENIED**.

4. Plaintiff's request for discovery (Doc. 24) is **GRANTED IN PART** on the limited issue of whether plaintiff and Experian entered into a valid settlement agreement and release in Case No. 1:22-cv-110, including whether plaintiff signed and executed the settlement agreement and release.  All other discovery shall be **STAYED**.

5. The Court **ORDERS** that the stay on discovery (Doc. 32) is **LIFTED** for the limited purpose described above.

Date: 3/23/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON MCAFEE,
    Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS,
    Defendant.

Case No. 1:23-cv-444
Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).